UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NOEL MERRICK AND THE**
**SUCCESSION OF JOSEPH MERRICK**                    CIVIL ACTION

**VERSUS**                                          **NO. 07-7798**

**STATE FARM FIRE AND CASUALTY COMPANY**            **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are Defendant's State Farm Fire and Casualty Company ("State Farm") Motion For Partial Summary Judgment as to Consequential Damages and Motion for Partial Summary Judgment with regard to Louisiana Value Policy Law, and Plaintiffs' Noel Merrick("Merrick") and the Succession of Joseph W. Merrick Motion to Strike Defendant's Motions for Partial Summary Judgment. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED IT** that Defendant's Motion for Partial Summary Judgment as to Consequential Damages is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment on the issue of Louisiana Value Policy Law is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law is **DENIED**.

1

*BACKGROUND*

Merrick owned property located at 2229 Mandeville Street in New Orleans, Louisiana. State Farm issued an insurance policy to Corey Miles ("Miles")[1], the insured, covering the property and Merrick was an additional insured under the policy. The property allegedly sustained damage as a result of Hurricane Katrina, which made landfall on August 29, 2005. On September 9, 2005, Miles reported the loss to State Farm. State Farm made several advance payments to Miles alone.[2] On October 25, 2005, Merrick contacted State Farm regarding the claim. State Farm inspected the property on November 3, 2005. Thereafter, on November 5, 2005, State Farm issued a check to both Miles and Merrick. On December 1, 2005, Merrick notified State Farm that he had not received any money from the check issued to both Merrick and Miles[3] and later requested that State Farm not issue any more checks until Miles and he resolved their lease purchase agreement. However, on December 28, 2005, State Farm issued a check to Miles only and a supplemental

---

[1] Corey Miles had a lease purchase agreement with Merrick. *See* Rec. Doc. No. 18; Exhibit B, log no. 73.

[2] State Farm issued Miles a check for $2500 and $1500. *See* Rec. Doc. No. 18; Exhibit B, log no. 25.

[3] This was in spite of the fact that State Farm assured Merrick that he would be notified of all checks that would be issued via telephone conversation on November 11, 2005. *See*. Rec. Doc. No. 18; Exhibit B, log no. 25.

check to both Miles and Merrick on January 23, 2006. State Farm closed Mile's claim two days later. Thereafter, Merrick filed a claim with State Farm on October 10, 2006 for additional sums due under the policy.[4] State Farm inspected the property on February 21, 2007. On August 29, 2007, Merrick filed suit for additional sums under the policy as well as penalties for breach of duties contained in LA. REV. STAT. ANN. § 22:658 and LA. REV. STAT. ANN. § 22:1220. Subsequently, Merrick submitted a repair estimate to State Farm, prepared by his expert on April 22, 2008. On July 16, 2008, State Farm had the property inspected and the adjuster discovered new damage. State Farm has now filed Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law. Merrick has filed a Motion to Strike the Motions for Partial Summary Judgment as untimely.

Defendant contends that Plaintiffs cannot recover mental anguish damages in this insurance action as a matter of law because the Louisiana Supreme Court's recent decision in *Sher v. Lafayette Insurance Co.*, 07-2441 (La. 4/8/08), 2008 WL 928486 establishes that (1) the recovery of mental anguish damages in insurance actions is governed by LA. CIV. CODE ANN. ART. 1998, (2) alleged bad faith failure to pay is not enough to state a claim for recovery of mental anguish damages and (3) LA. REV. STAT. ANN. § 22:1220 does not

---

[4] *See* Rec. Doc. No. 18; Exhibit B, log. No. 73. Merrick requested copies of all previous drafts.

provide for recovery of mental anguish damages that are otherwise prohibited by LA. CIV. CODE ANN. ART. 1998.

As it pertains to Louisiana Value Policy Law, Defendant asserts that Plaintiffs are not entitled to recover the full value of their policy under Louisiana Value Policy Law because Louisiana's Value Policy Law does not permit Plaintiffs to obtain recovery of insurance proceeds for damage caused by water. Rather, Louisiana Value Policy Law requires payment of full face value only when a covered peril for which premium has been charged causes the insured property to become a total loss, which is not the case here. While Defendants acknowledge that Plaintiffs do not allege they are entitled to full policy limits of the homeowner's policy, Defendants make these arguments out of the abundance of caution.

Essentially, Defendant's Motions for Partial Summary Judgments are unopposed. However, as a procedural matter, Plaintiffs contend that Defendant's Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law should be denied as untimely. Plaintiffs argue that Defendant did not file its motions within the deadline set by the Court in its scheduling Order of March 18, 2008, did not seek leave of court to file its motions after the deadline; and has not shown nor attempted to show good cause for its failure to file its motions timely.

*DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Motion to Strike**

"Striking a pleading is a drastic remedy to be used only when the purposes of justice so require." *Abramson v. Florida Gas Transmission Co.*, 908 F. Supp. 1383, 1386 (E.D. La. 1995), (quoting Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th cir. 1962)).  A disputed question of fact cannot be decided on a motion to strike." *Id.*  It is also true that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.  *Id.*

In the instant case, Defendant filed his Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law on August 26, 2008.  The scheduling Order referred to by Plaintiffs states that all case-dispositive pre-trial motions shall be filed and served in sufficient time to permit hearing by September 12, 2008.  Under the Uniform Local Rules for the Eastern District of Louisiana, a motion must be filed fifteen days prior to a hearing day to be heard on the next available hearing day.  As stated above, Defendant filed its motions on August 26, 2008.  This was fifteen days outside of the hearing date of September 10, 2008, which would have permitted the motion to be heard before the September 12, 2008 deadline. However, unattributable to the fault of Defendant, the hearing date was full even though Defendant filed its motions in time to be heard by the

September 10, 2008 hearing date.  Thus, Defendant did timely file its Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law.

Furthermore, there is no showing of prejudicial harm to Plaintiffs as they were able to file Oppositions to two other Motions for Partial Summary Judgment filed by Defendant on the same day.  Since a Motion to Strike is such a drastic remedy, Plaintiffs could have filed for a continuation of the hearing date on the Motions for Summary Judgments that they did not have time to respond to.  Additionally, Plaintiffs allege that Defendant's failure to file its motions in time to be heard by the September 12, 2008 deadline caused it prejudice since they lost a week of work due to Hurricane Gustav.  However, the conditions caused by Hurricane Gustav were an act of God and are not attributable to Defendant's actions.

### *CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment as to Consequential Damages is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment on the issue of Louisiana Value Policy Law is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law is **DENIED**.

New Orleans, Louisiana, this 10th day of October, 2008.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE