```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

NOEL MERRICK AND THE
SUCCESSION OF JOSEPH MERRICK                    CIVIL ACTION

VERSUS                                          NO. 07-7798

STATE FARM FIRE AND CASUALTY COMPANY            SECTION "B"(3)
```

### ORDER AND REASONS

Before the Court are Defendant's State Farm Fire and Casualty Company ("State Farm") Motion For Partial Summary Judgment requesting the application of the version of LA. REV. STAT. ANN. § 22:658 prior to the 2006 Amendments, Plaintiffs' Noel Merrick("Merrick") and the Succession of Joseph W. Merrick Memorandum in Opposition to the Motion for Partial Summary Judgment on the same issue and Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment.

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment regarding the application of the version of LA. REV. STAT. ANN. § 22:658 prior to the 2006 Amendments is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment regarding the application of the version of LA. REV. STAT. ANN § 22:658 is **DISMISSED AS MOOT**.

1

*BACKGROUND*

Merrick owned property located at 2229 Mandeville Street in New Orleans, Louisiana.  State Farm issued an insurance policy to Corey Miles ("Miles")[1], the insured, covering the property and Merrick was an additional insured under the policy. The property allegedly sustained damage as a result of Hurricane Katrina, which made landfall on August 29, 2005.  On September 9, 2005, Miles reported the loss to State Farm.  State Farm made several advance payments to Miles alone.[2] On October 25, 2005, Merrick contacted State Farm regarding the claim.  State Farm inspected the property on November 3, 2005.  Thereafter, on November 5, 2005, State Farm issued a check to both Miles and Merrick.  On December 1, 2005, Merrick notified State Farm that he had not received any money from the check issued to both Merrick and Miles[3] and later requested that State Farm not issue any more checks until Miles and he resolved their lease purchase agreement. However, on December 28, 2005, State Farm issued a check to Miles only and a supplemental check to both Miles and Merrick on January 23, 2006.  State Farm

---

[1] Corey Miles had a lease purchase agreement with Merrick. *See* Rec. Doc. No. 18; Exhibit B, log no. 73.

[2] State Farm issued Miles a check for $2500 and $1500.  *See* Rec. Doc. No. 18; Exhibit B, log no. 25.

[3] This was in spite of the fact that State Farm assured Merrick that he would be notified of all checks that would be issued via telephone conversation on November 11, 2005.  *See*. Rec. Doc. No. 18; Exhibit B, log no. 25.

closed Mile's claim two days later.  Thereafter, Merrick filed a claim with State Farm on October 10, 2006 for additional sums due under the policy.[4] State Farm inspected the property on February 21, 2007.  On August 29, 2007, Merrick filed suit for additional sums under the policy as well as penalties for breach of duties contained in LA. REV. STAT. ANN. § 22:658 and LA. REV. STAT. ANN. § 22:1220.  Subsequently, Merrick submitted a repair estimate to State Farm, prepared by his expert on April 22, 2008.  On July 16, 2008, State Farm had the property inspected and the adjuster discovered new damage. State Farm has now filed a Motion for Partial Summary Judgment requesting the application of the version of LA. REV. STAT. ANN. § 22:658 prior to the 2006 Amendments. Merrick has filed a Memorandum in Opposition to same and a Motion to Strike the Motion for Partial Summary Judgment as untimely.

    Defendant contends that Plaintiffs cannot recover attorneys' fees because they cannot offer any evidence establishing that Defendant's adjustment of their claim was "arbitrary, capricious, or without probable cause." Defendant alleges that there was an actual dispute as to Plaintiffs' claim and even if Defendant was incorrect, it does not establish bad faith.

    Plaintiffs contend that the activity that occurred before August 15, 2006 involved the claims of Miles, a different insured

---

[4] *See* Rec. Doc. No. 18; Exhibit B, log. No. 73. Merrick requested copies of all previous drafts.

who is not apart of this suit.  Plaintiffs assert that Defendant did not receive its claim until October 10, 2006, after the effective date of the amendment.  Additionally, Plaintiffs did not file suit until one year after the amendment on August 29, 2007.  Thus, Plaintiffs claim that Defendant has received a repair estimate by their expert as well as a report of new damage found by Defendant's own expert and has arbitrarily, capriciously, and without probable cause failed to pay anything or make a written offer to settle their claims.

## *DISCUSSION*

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998),

*overruled on other grounds by Burlington N. & Santa Fe Ry. Co.*, 126 S.Ct. at 2414. The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Penalties Under La. Rev. Stat. Ann. § 22:658**

LA. REV. STAT. ANN. § 22:658 provides that when an insurer fails to pay an insured within thirty days after receipt of satisfactory proof of loss from the insured, and that failure is arbitrary and capricious, the insurer must pay certain penalties to the insured. LA. REV. STAT. ANN. § 22:658(B)(1). Prior to 2006, the statute provided that the penalty was twenty-five percent of the amount found to be due from the insurer to the insured. In June 2006, the Louisiana legislature amended the statute to increase the penalty to fifty percent of the amount found to be due from the insurer. *See* 2006 La. Sess. Law Serv. Act 813. These amendments took effect on August 15, 2006 and were not retroactive.

The Court in this case must determine at what point in time Plaintiffs' claim for penalties arose for the purpose of deciding whether to apply the pre- or post- amendment version of LA. REV. STAT. ANN. § 22:658. Defendant alleges that all of the conduct on

5

which Plaintiffs' claims are based occurred prior to August 15, 2006, the date the amendments took effect. Thus, the amendments increasing the potential penalty to fifty percent of the amount of damages due have no application in the instant matter. Plaintiffs argue, on the other hand, that the activity that occurred before August 15, 2006 involved the claims of Miles, a different insured who is not apart of this suit. Plaintiffs assert that State Farm did not receive its claim until October 10, 2006, after the effective date of the amendment. Additionally, Plaintiffs did not file suit until August 29, 2007, one year after the amendments to LA. REV. STAT. ANN. § 22:658 became effective. Thus, the 2006 amendments to LA. REV. STAT. ANN. § 22:658 should apply, and the potential penalty should be fifty percent of the amount of damages due.

*Hartenstein v. State Farm Fire and Cas. Co.*, 2008 WL 2397713, *4 (E.D. La. June 10, 2008) addressed the issue of when an insured's claim for penalties arises for purpose of determining which version of LA. REV. STAT. ANN. § 22:658 applies. The court in that case stated the following:

> A plaintiff's cause of action can arise in one of three ways: **(1)** when the complaint is filed if satisfactory proof of loss was not provided prior to the filing of the complaint; **(2)** when the plaintiff provides satisfactory proof of loss and the defendant fails to pay; or **(3)** when the plaintiff has provided satisfactory proof of loss and has been paid for some damage, new damage is discovered, satisfactory proof of loss is provided to the defendant

>     after such discovery, and the defendant fails
>     to pay. *Id.*

Additionally, the Louisiana Supreme Court addressed this issue in *Sher v. Lafayette Ins. Co.*, 2008 WL 928486, *9 (La. 2008), stating the following:

> Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected [Defendant] to the penalties contained in the amendment because the claim would have first arisen *after* the amendment. Further, again because the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [Defendant] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [Defendant] failed to pay within the time period contained in the statute, but after the amendment became effective, [Defendant] could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment. *Id.*

Thus, as explained in *Hartenstein* and *Sher*, the question determinative of which version of the statute applies is essentially whether the thirty-day period in which Defendant had to pay the claim after receiving sufficient notice, expired before or after the amendment took effect.

Here, Defendant claims that satisfactory proof of loss was never provided as to claims made by Plaintiffs in this lawsuit (Rec. Doc. No. 4). If such is the case, then satisfactory proof of

loss is considered the date the complaint was filed, which was after the effective date of the amendment, making it proper to apply the post- amendment version of the statute.  Considering prongs 2 and 3 above in *Hartenstein*, Plaintiffs' cause of action regarding the new damage discovered by Defendant's own expert arose thirty days after the July 16, 2008 inspection.  To date, Defendant has not made any payments to Plaintiffs within  thirty days of the above events.  Since at least one of Plaintiffs' claims is governed by the post-amendment version of LA. REV. STAT. ANN. § 22:658, Defendant has failed to prove the absence of a genuine issue of material fact with respect to Plaintiffs' ability to recover attorneys' fees and a fifty percent penalty for Defendant's arbitrary or capricious failure to pay. *See Hartenstein*, 2008 WL 2397713 at 4.

In the instant case, Defendant filed his Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law on August 26, 2008.  The scheduling Order referred to by Plaintiffs states that all case-dispositive pre-trial motions shall be filed and served in sufficient time to permit hearing by September 12, 2008.  Under the Uniform Local Rules for the Eastern District of Louisiana, a motion must be filed fifteen days prior to a hearing day to be heard on the next available hearing day.  As stated above, Defendant filed its motions on August 26, 2008.  This was fifteen days outside of the

hearing date of September 10, 2008, which would have permitted the motion to be heard before the September 12, 2008 deadline. However, unattributable to the fault of Defendant, the hearing date was full even though Defendant filed its motions in time to be heard by the September 10, 2008 hearing date.  Thus, Defendant did timely file its Motions for Partial Summary Judgment as to Consequential Damages and on the issue of Louisiana Value Policy Law.

Furthermore, there is no showing of prejudicial harm to Plaintiffs as they were able to file Oppositions to two other Motions for Partial Summary Judgment filed by Defendant on the same day.  Since a Motion to Strike is such a drastic remedy, Plaintiffs could have filed for a continuation of the hearing date on the Motions for Summary Judgments that they did not have time to respond to.  Additionally, Plaintiffs allege that Defendant's failure to file its motions in time to be heard by the September 12, 2008 deadline caused it prejudice since they lost a week of work due to Hurricane Gustav.  However, the conditions caused by Hurricane Gustav were an act of God and are not attributable to Defendant's actions.

### *CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment regarding the application of the version of LA. REV. STAT. ANN. § 22:658 prior to the 2006 Amendments is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment regarding the application of the version of LA. REV. STAT. ANN § 22:658 is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 10th day of October, 2008.

*[signature]*

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE
