## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

NOEL MERRICK AND THE
SUCCESSION OF JOSEPH MERRICK                    CIVIL ACTION

VERSUS                                          NO. 07-7798

STATE FARM FIRE AND CASUALTY COMPANY            SECTION "B"(3)


### ORDER AND REASONS

Before the Court are Defendant's State Farm Fire and Casualty Company ("State Farm") Motion For Partial Summary Judgment with regard to the issue of Bad Faith, Plaintiffs' Noel Merrick("Merrick") and the Succession of Joseph W. Merrick Memorandum in Opposition to the Motion for Partial Summary Judgment on the same issue and Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment with regard to the issue of Bad Faith is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment regarding the issue of Bad Faith is **DISMISSED AS MOOT.**

1

*BACKGROUND*

Merrick owned property located at 2229 Mandeville Street in New Orleans, Louisiana. State Farm issued an insurance policy to Corey Miles ("Miles")[1], the insured, covering the property and Merrick was an additional insured under the policy. The property allegedly sustained damage as a result of Hurricane Katrina, which made landfall on August 29, 2005. On September 9, 2005, Miles reported the loss to State Farm. State Farm made several advance payments to Miles alone.[2] On October 25, 2005, Merrick contacted State Farm regarding the claim. State Farm inspected the property on November 3, 2005. Thereafter, on November 5, 2005, State Farm issued a check to both Miles and Merrick. On December 1, 2005, Merrick notified State Farm that he had not received any money from the check issued to both Merrick and Miles[3] and later requested that State Farm not issue any more checks until Miles and he resolved their lease purchase agreement. However, on December 28, 2005, State Farm issued a check to Miles only and a supplemental check to both Miles and Merrick on January 23, 2006. State Farm

---

[1] Corey Miles had a lease purchase agreement with Merrick. *See* Rec. Doc. No. 18; Exhibit B, log no. 73.

[2] State Farm issued Miles a check for $2500 and $1500. *See* Rec. Doc. No. 18; Exhibit B, log no. 25.

[3] This was in spite of the fact that State Farm assured Merrick that he would be notified of all checks that would be issued via telephone conversation on November 11, 2005. *See*. Rec. Doc. No. 18; Exhibit B, log no. 25.

2

closed Mile's claim two days later.  Thereafter, Merrick filed a claim with State Farm on October 10, 2006 for additional sums due under the policy.[4] State Farm inspected the property on February 21, 2007.  On August 29, 2007, Merrick filed suit for additional sums under the policy as well as penalties for breach of duties contained in LA. REV. STAT. ANN. § 22:658 and LA. REV. STAT. ANN. § 22:1220.  Subsequently, Merrick submitted a repair estimate to State Farm, prepared by his expert on April 22, 2008.  On July 16, 2008, State Farm had the property inspected and the adjuster discovered new damage.  State Farm has now filed a Motion for Partial Summary Judgment regarding the issue of Bad Faith. Merrick has filed a Memorandum in Opposition to same and a Motion to Strike the Motion for Partial Summary Judgment as untimely.

Defendant contends that Plaintiffs cannot recover attorneys' fees because they cannot offer any evidence establishing that Defendant's adjustment of their claim was "arbitrary, capricious, or without probable cause." Defendant alleges that there was an actual dispute as to Plaintiffs' claim and even if Defendant was incorrect, it does not establish bad faith.  Furthermore, Defendant asserts that it promptly initiated loss adjustment of Plaintiffs' claim and is not required to actually complete the process within time limitations of the statutes.

---

[4] *See* Rec. Doc. No. 18; Exhibit B, log. No. 73. Merrick requested copies of all previous drafts.

Plaintiffs contend that Defendant's prompt initiation of the loss adjustment refers to Miles' claim. Defendant's files indicate that it received Plaintiffs' claim on October 10, 2006, and did nothing afterwards but make and receive phone calls; activities insufficient to initiate their loss adjustment. Defendant did not inspect the property until months later on February 21, 2007. Additionally, Plaintiffs contend that Defendant never made a written offer of settlement even after two inspections and a repair estimate. Thus, Plaintiffs claim that Defendant has had satisfactory proof of loss for greater than both thirty days and sixty days and has arbitrarily, capriciously, and without probable cause failed to pay anything to Plaintiffs. Finally, Plaintiffs allege that Defendant knowingly misrepresented pertinent facts when it assured Plaintiffs that it would include their name on all checks, but still made checks to Miles alone.

### *DISCUSSION*

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the

nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

B.   **Bad Faith Penalties Under La. Rev. Stat. Ann. § 22:658 and La. Rev. Stat. Ann. § 22:1220**

Plaintiffs' complaint seeks damages pursuant to the above statutes. La. Rev. Stat. Ann. § 22:658 provides that when an insurer fails to pay an insured or make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof of loss from the insured, and that failure is arbitrary and capricious, the insurer must pay certain penalties to the insured. La. Rev. Stat. Ann. § 22:658(B)(1). Additionally, La Rev. Stat. Ann. § 22:1220 provides for penalties when any of the

5

following acts are knowingly committed:

(1) misrepresenting pertinent facts or insurance policy provisions

(2) failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

In order for Plaintiffs to recover penalties under LA. REV. STAT. ANN. §§ 22:658 AND 1220, three elements must be satisfied. First, the insurer must receive satisfactory proof of loss. Second, the insurer must fail to pay the claim within the applicable statutory period. Third, the insurer's failure must be arbitrary, capricious, or without probable cause. *Shadow Lake Mgmt. Co. V. Landmark Am. Ins. Co.*, 2007 WL 1959236, *3 (E.D. La. 2007).

The first issue is whether Defendant received satisfactory proof of loss.  Under Louisiana law, proof of loss is a flexible requirement. *Austin v. Parker*, 672 F.2d 508, 520 (5th Cir. 1982); *Shelter Mut. Ins. Co. V. Culbertson's Ltd., Inc.* 1999 WL 539520 *2 (E.D. La. 1999).  "Either written or oral demand, of an informal nature" is sufficient as long as it informs the insurer of the

6

situation and of the individual's intent to submit a claim. *Id.*
*See also Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La.
1986) (finding that an estimate of damages constituted a sufficient
proof of loss).

Given Louisiana's flexible requirements concerning proof of
loss, the facts indicate that satisfactory proof of loss was
submitted on October 10, 2006 when Plaintiffs filed their claim
with Defendant.   Subsequently, satisfactory proof of loss was
provided when the complaint was filed on August 29, 2007 and also
in April 2008 in a repair estimate.

With regard to the second requirement, Defendant has failed to
make any payment under the policy at any time between October 10,
2006 and the present time of October 10, 2008.

The only remaining issue is whether Defendant's failure to pay
damages under the policy was arbitrary and capricious.   An
insurer's action is arbitrary and capricious when refusal to pay is
vexatious, meaning unjustified and without reasonable or probable
cause or excuse. *Defrancesch v. Employers Mut. Cas. Co.,* 2008 WL
1930450 *3 (E.D. La. April 30, 2008).   An arbitrary act is an act
"based on random choice or personal whim, rather than any reason or
system," and a capricious action is one that is "given to sudden
and unaccountable changes of behavior." *Id.*   The threshold issue
"is whether the insurer acted reasonably in failing to timely pay
the claim once the insurer had adequate knowledge of the loss."

7

*Hannover Corp. V. State Farm Mut. Aut. Ins. Co.*, 67 F.3d 70, 73 (5th Cir. 1995).   "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action."   *Defrancesch*, 2008 WL 1930450 at *3.

In the present case, Defendant argues in its Answer that it failed to pay Plaintiffs because of a dispute over coverage(Rec. Doc. 4).  Specifically, Defendant claims that it has paid all money owing under the policy. However, Defendant's files regarding Plaintiffs' claim does not indicate that there was a dispute over coverage.  Rather, the file establishes that Defendant failed to take affirmative steps toward evaluating Plaintiff's claim until it inspected it on February 21, 2007, more than sixty days after Plaintiffs submitted their claim.  There is no indication in the record as to any justifiable reason for this delay.

Thereafter, a dispute arose between Plaintiffs and Defendant regarding the claim for new damages discovered.  Specifically, Defendant's expert believes that it was caused by failure to mitigate, whereas Plaintiffs claim that they had repairs done to mitigate the damages.  This dispute is a legitimate reason as to why no payments were made by Defendant to Plaintiffs for the new damages discovered.

However, after reviewing the record as a whole, it is reasonable that a jury could still find that Defendant acted

arbitrarily, capriciously, and without probable cause when it unjustifiably failed to act upon Plaintiffs' claim more than sixty days after submission of its initial claim, subjecting Defendant to penalties under LA. REV. STAT. ANN. § 22:658.  Moreover, it is probable that a jury could find that Defendant acted in bad faith, subjecting it to bad faith penalties under LA. REV. STAT. ANN. § 22:1220 for misrepresentation, when it assured Plaintiffs that it would issue all checks to Plaintiffs, but instead issued checks to another insured in his name only.  Under these circumstances, Defendants have failed to show an absence of genuine issue of material fact with respect to Plaintiffs' ability to recover bad faith penalties under LA. REV. STAT. ANN. §§ 22:658, 1220.

### *CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment with regard to the issue of Bad Faith is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Motion for Partial Summary Judgment regarding the issue of Bad Faith is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 10th day of October, 2008.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE